Sharan Jewel Sabhlok
In Pro Se
1074 Creston road
Berkeley, CA. 94708
(510)301 1616
ASABHLOK@GMAIL.COM
*PLAINTIFF*

FILED

SEP  8 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NORTHERN CALIFORNIA**

**Sharan Jewel Sabhlok**

*Plaintiff'*

        v.

**THE UNITED STATES SMALL BUSINESS
ADMINISTRATION,and KELLEY LOEFFLER**
in her official capacity as Administrator of the
United States Small Business Administration

*Defendants*

CV 25-7605

TSH

C No. _____

**COMPLAINT**

Plaintiff SHARAN JEWEL SABHLOK , an individual ("Plaintiff" or "Borrower"), by

way of Complaint against the Defendants, UNITED STATES SMALL BUSINESS

ADMINISTRATION ("SBA") and Kelly Loeffler, in her official capacity as Administrator of

the United States Small Business Administration (the "Administrator"), hereby alleges as

follows:

<u>NATURE OF THE ACTION</u>

1.    Plaintiff challenges the SBA's denial of forgiveness of $7500 of loan proceeds  that

Plaintiff received under the Paycheck Protection Program ("PPP").**CARES Act § 1102 and § 1106;

15 U.S.C. § 636(a)(36)** .

1

2.    Plaintiff earned $3000 per month starting July 1, 2019 as self employed individual and continues her self employed consulting business as of date of this complaint. Plaintiff a self employed individual who applied for PPP loan through KABBAGE Financial on July 24, 2020 after telephone interview conducted by KABBAGE. Plaintiff provided KABBAGE a copy of IRS FORM 1040 schedule C for tax year 2019. KABBAGE purported to be the lender. Plaintiff had started self employed business under her own name in 3rd quarter of 2019 ( Business start date 7/02/2019)( IRSForm 1040 schedule C line A start date JULY 2024, tax return 2019 ) . Under fiscal accounting I had an annual income of $36000.00 per KABBAGE phone interview. Quarterly income was $9000.00 per quarter. So I had $3000 per month income for PPP loan.

How you calculate your maximum loan amount depends upon whether you employ other individuals. If you have no employees, use the following methodology to calculate your maximum loan amount:

i. Step 1: From your 2019 or 2020 IRS Form 1040, Schedule C, you may elect to use either your line 31 net profit amount or your line 7 gross income amount. (If you are using 2020 to calculate payroll costs and have not yet filed a 2020 return, fill it out and compute the value.) If this amount is over $100,000, reduce it to $100,000. If both your net profit and gross income are zero or less, you are not eligible for a PPP loan.

ii. Step 2: Calculate the average monthly net profit or gross income amount (divide the amount from Step 1 by 12).

iii. Step 3: Multiply the average monthly net profit or gross income amount from Step 2 by 2.5. This amount cannot exceed $20,833.

iv. Step 4: Add the outstanding amount of any Economic Injury Disaster Loan (EIDL) made between January 31, 2020 and April 3, 2020 that you seek to refinance. Do not include the amount of any advance under an EIDL COVID-19 loan (because it does not have to be repaid).

You must provide the 2019 or 2020 (whichever you used to calculate your loan amount) IRS Form 1040, Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount and a 2019 or 2020 (whichever you used to calculate your loan amount) IRS Form 1099-MISC detailing non employee compensation received (box 7), invoice, bank statement, or book of record that establishes you are self-employed.

(Federal Register (86 FR 13149, Marsh 8, 2021)  (Emphasis added)

3.      Plaintiff applied for, and received, a loan of $7500 ( seventy five hundred)   a s

a n   self employed individual on July 24,2020. Plaintiff relied upon SBA procedure in calculating

loan amount.

4.      Plaintiff Used 2019 IRS Form 1040, Schedule C with PPP loan application to

**substantiate** the $7500  applied-for PPP loan amount.

5.      Congress passed 15 U.S.C. § 636(a)(37) on December 27, 2020, as part of the

Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Public Law 116-260 )

which states under 15 U.S.C. § 636(a)(37)(M) Publication of guidance .— *Not later than 10 days*

*after December 27, 2020 , the Administrator shall issue guidance* **addressing barriers to accessing**

**capital for minority, under served, veteran, and women-owned business** *concerns for the*

*purpose of ensuring equitable access to covered loans.* (emphasis added), Following which SBA

issued rules specifying that reported income on line 7 of IRS from 1040 Schedule C by self

employed  individuals is net income for calculation PPP loan amount as follows:

> "For <u>individuals with self-employment income</u> who file a Schedule C, the
> Administrator, in consultation with the Secretary, has determined that it is
> appropriate to limit loan forgiveness to a proportionate eight-week share of 2019
> net profit, as reflected in the individual's 2019 Form 1040 Schedule C. This is
> because many self-employed individuals have few of the overhead expenses that
> qualify for forgiveness under the Act. For example, many such individuals operate
> out of either their homes, vehicles, or sheds and thus do not incur qualifying
> mortgage interest, rent, or utility payments. As a result, most of their receipts will
> constitute net income. (regulations/document/SBA-2020-0020-0001)(emphasis
> added)

> An analysis by the SBA Office of Advocacy of Census data
> found that firms with no employees are 70 percent owned by women
> and minorities, compared to 40 percent for businesses with employees.

6.      Plaintiff submitted IRS Form 1099-Misc detailing non employee compensation received (box 7) to establish self employment for tax year 2019 and 2020 as well. Forms report payer as ASHOK SABHLOK (dba Environmental Consultants).

7.      On December 27, 2020 Congress was aware of SBA regulations requiring IRS Form 1040, Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount for self employed individuals and made no change in requirement of how to substantiate loan amount.

8.      Plaintiff has worked as self employed individual for ASHOK SABHLOK (dba Environmental Consultants) family owned business and other entities off and on since 2017 and has filed IRS tax returns as such in 2017 and 2018.

9.      Ashok Sabhlok has been victim of Identity theft since 2020. Fraudulent tax returns have been filed with IRS under his identity. Plaintiff has also been warned by IRS of potential risk. Under these circumstances sensitive documents have been filed by plaintiff with SBA with redaction.

10.      Plaintiff applied for loan forgiveness through KABBAGE and was unable to get any confirmation or updates after request for additional documents.(Email from KABBAGE). I also applied on March 14,2022 through K servicing , when KABBAGE started using this service. Application was accepted and approved on July 6,2022 . K servicing was based **overseas.** After receiving email from SBA I applied directly for forgiveness online Form 3508 EZ with SBA and received reply that I must go through lender  (  email from SBA dated February 12, 2024). SBA declined to process forgiveness application.

11.    On Feb vary 13, 2024 I received email from Customers Bank claiming that they have identified issue that prevents plaintiff from directly applying to SBA. Customers Bank <u>fails to reply and identify issue with the forgiveness application</u> . On  Feb vary 27, 2024 I received email from noreply@lenderscooperative.com RE: forgiveness application 3508 EZ. I completed the same with requested documents.

12.    On July 22, 2024 I received document request from customers bank to be submitted within 5 days. Documents requested had nothing to do with self employed individuals instead requested:

> a. Payroll record (account statement)
> b. Secretary of State registration (formation statement)
> c. Form 941
> d. 1099 for three years
> e. Bank statement for one year
> f. Articles of Incorporated (formation statement)
> g. tax transcript from IRS for 2019,2020,2021
> h. Tax return 2019,2020,2021
> I. Professional license with signed proof from issuing authority
> j. Form 4506 c
> K. Tax return 2018
> L. Business License

13.    Plaintiff again applied on June 8, 2024 Using SBA 3508 EZ  for forgiveness of the $7500  loan, pursuant to the statute by which Congress required the SBA to forgive such loans.  On August 26, 2024  The SBA issued  loan review decision that denied forgiveness of the entirety of the $7500  loan, reasoning that none of that loan could be forgiven because plaintiff failed to provide the followings:

> Signed Filed Tax Returns for tax years 2019, 2020, and 2021
> IRS Tax Return transcript for tax years 2019, 2020, and 2021
> Completed, Signed IRS Form 4506-C
> 1099s if applicable (if a sole prop)
> <u>Business Bank Statements:</u> 8 months total of <u>business bank statements,</u> or 3months if sole prop..
> <u>(SBA Decision letter  dated 8/26/2024)(emphasis added) (EXHIBIT A)</u>

14.     Plaintiff appealed the SBA's loan review decision to the SBA's Office of Hearings and Appeals ("OHA"), pursuant to applicable regulations. SBA demanded business bank statement which are not required by law, regulations and guidance. SBA could not determine whether Borrower was sole Prop or self employed individual. Plaintiff argued to the OHA that pursuant to applicable law, regulations and guidance, SBA was grossly incorrect as to Law and regulations and was arbitrary and capricious.

15.     On October 24, 2024 SBA filed Motion To Dismiss the appeal . "*SBA moves for dismissal of the Appeal because SBA has withdrawn the Agency's final SBA loan review decision issued August 26, 2024, on the PPP loan issued to Appellant for SBA Loan No. 2553108104*" .

16.     On October 28, 2024 OHA Judge Christa Zamora granted the motion.(EXHIBIT B).

17.     Plaintiff during June 17, 2024 and February 11, 2025 provided via CUSTOMERS BANK PPP portal, SBA copies of Filed tax returns and IRS transcript for 2019, 2020 and 2021, completed and signed IRS form 4506C. IRS form 1099-Misc for tax year 2019..

18.     .       On March 4, 2025 SBA again denied loan forgiveness in it's entirety because:

> Bank deposits for the period of July 2019 through December 2019 to **verify** the gross receipts on the 2019 Schedule C. As the submitted June-August 2020 bank statements do not list the principal/borrower, please provide a complete **business bank statement** showing the PPP Loan was deposited in the borrower's account, along with the complete June and August 2020 bank statements. " (Emphasis added)
> (Final Loan Review Decision, SBA dated March 4,2025)(emphasis added)
> (EXHIBIT C)

19.     On April 2, 2025 Plaintiff again appealed Final Loan Review Decision ( here after FLRD) dated March 4, 2025 on the basis that plaintiff is not required to have Business Bank account since plaintiff is a self employed individual. Plaintiff provided documents that loan

1    amount was deposited in plaintiff's bank account. Billing invoices and complete tax returns were

2    submitting that reported income on schedule C along with several statements from IRS. Copies of

3    Bank statements, (where plaintiff is beneficiary). showing deposits corresponding with submitted

4    invoices. Two separate 1099-MISC for year 2019 and 2020 were also filed.

5         20.    On June 10, 2025 Administrative Law Judge Christa Zamora ruled that

6                    *Appellant failed to establish that the FLRD is based on a*

7                    *clear error. I deny the appeal and affirm the FLRD .*

8                    (OHA decision  page  , dated June 10, 2025)(Emphasis added)(EXHIBIT D)

9

10        21.    On June 19, 2025 plaintiff  filed petition for RECONSIDERATION on the grounds that Bank

11   statement are not required to verify reported income on Form 1040 Schedule C. Bank Statement

12   submission is an option to establish self employment  status and thus is not mandatory under SBA

13   regulations. Arguendo even if required plaintiff provides copies of checks deposited as per invoices.

14   Business Bank statement are not required for self employed  individual plaintiff.

15        22.    On July 18, 2025 administrative Law Judge Christa Zamora denied reconsideration

16   petition on the grounds that*[R]ecords identified in the FLRD still remain missing, Appellant*

17   *failed to show that the initial decision was clearly erroneous.* (exhibit (E)

18

19        23.    *"Bank records would verify Appellant's eligibility, such as showing she was in*

20   *operation on February 15, 2020. See PPP – Interim Final Rule, 85 Fed. Reg. 20812 (April 15,*

21   *2020). "* (OHA decision page 3, dated July 18, 2025.) . This is just personal conjecture  of OHA

22   Judge since Final Loan Review Decision (FLRD) makes no mention of of verification of

23   plaintiff being in operation on February 15. 2020. FLRD MAKES NO DEMAND OF BANK

24   RECORDS  For FEBVARY  15, 2020. OHA Judge's personal bias against plaintiff as shown

25   here is sufficient to set aside decisions rendered by OHA Hon. Judge Zamora. Plaintiff filed

26   Form 1099-Misc and Form 1040 Schedule C for Tax year 2020 to show being in business on

27   February 15, 2020.

28

24.     On August 5, 2025  plaintiff submitted to the SBA administrator  via email copies of cancellation portion of checks etc since reconsideration decision cited lack of receipt of said documents.

25.     On August 7, 2025 via email SBA informed plaintiff that SBA administrator has decided to not to  review OHA decision.(EXHIBIT F)

26.     Under applicable regulations, the OHA's decision is now the final decision of the SBA. Plaintiff has exhausted all administrative remedies, and now commences this action under the Administrative Procedure Act ("APA") to set aside the SBA's unlawful denial of forgiveness of the $7500  and to compel the SBA to grant forgiveness as to that $7500.

## JURISDICTION AND VENUE

35.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the APA.  See 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

36.     Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1)(A), because plaintiff resides in this district; and pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions [of the SBA] may be appealed to the appropriate federal district court only."

37.     The decision that the OHA issued on July 18, 2025 is the final decision of the SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 CFR § 134.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this

section, an initial decision shall become the final decision of SBA 30 calendar days after its service."

THE PARTIES

38.    Plaintiff, an individual (minority women) , is self employed consultant. Plaintiff had principal place of business at 1952 Vine street, Berkeley , CA. 94709 during the time at issue here. Pursuant to applicable regulations, for purposes of PPP loan Plaintiff reports income from self employed business on IRS Form1040 Schedule C. Plaintiff receives 1099_Misc with  income reported on Box 7 as independent contractor. Plaintiff used **2019 tax year schedule C** to calculate $7500 Loan amount using gross income as per regulations.

39.    Defendant SBA is an independent agency of the United States, with offices at 409 3rd Street, S.W., Washington, D.C. The SBA was created pursuant to 15 U.S.C. Ch. 14A.

Defendant Kelly Loeffler is the Administrator of the SBA. She is sued in her official capacity. Administrator has an office at 409 3rd Street, S.W., Washington, D.C.

STATEMENT OF FACTS

40.    The SBA administers the 7(a) Loan Program pursuant to applicable regulations. The 7(a) Loan Program's purpose is to help qualified entrepreneurs to start or expand small businesses.

41.    On or about March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES") , P.L. 116-136, became law. The CARES Act established the Paycheck Protection Program ("PPP"), the purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic. Under PPP, the SBA guarantees loans that private lenders (approved by the SBA) provide to eligible small businesses. The

1  CARES Act provides that the SBA is to administer PPP as part of the 7(a) Loan Program, subject

2  to applicable regulations.

3      42.    Pursuant to applicable regulations on July 24, 2020, Plaintiff is eligible for $7500.

4  PPP loan amount.

5      43.    Plaintiff submitted to its lender, Kabbage (now bankrupt), an application for First

6  draw loan in the amount of $7500. and the application was approved Customers bank On July 24,

7  2020. On or about August 20, 2020, Customers bank disbursed $7500. to Plaintiff in Chase bank

8  account. Plaintiff transferred $7500 from Chase account to plaintiff's CITIBANK account on or

9  about November 2020.

10     44.    Section 1106 of the CARES Act ("Loan Forgiveness") provides for forgiveness of

11 up to the full principal amount of qualifying PPP loans, subject to the requirements of that section.

12     45.    On or about June 8, 2024, Plaintiff submitted to the SBA an application for

13 forgiveness of the foregoing First loan draw loan, in the amount of $7500.

14     46.    On or about March 4, 2025, the SBA issued a final loan review decision that

15 denied forgiveness of the entirety of the foregoing $7500. First draw loan. A true and correct copy

16 of the foregoing final loan review decision (FLRD) is attached as Exhibit C to this Complaint.

17 The SBA's final loan review decision stated (in relevant part) as follows:

> After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported. The SBA requested the following information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness, however, sufficient documentation was not provided:
>
> Bank deposits for the period of July 2019 through December 2019 to **verify** the gross receipts on the 2019 Schedule C. As the submitted June-August 2020 bank statements do not list the principal/borrower, please provide a complete **business bank statement** showing the PPP Loan was deposited in the borrower's account, along with the complete June and August 2020 bank statements.
>
> (SBA Letter dated March 4, 2025, loan forgiveness denial decision)(Emphasis added)

47.    SBA final loan review decision dated March 4, 2025 does not deny that plaintiff is self employed individual. Plaintiff submitted Form 1099 MISC for Tax year 2019 and 2020 along with signed tax returns for 2019 and 2020.

48.    On or about April 2, 2025 plaintiff again commenced with the OHA an appeal of the SBA's final loan review decision, pursuant to 13 C.F.R. § 134.1202 ("Commencement of Appeals of Final SBA Loan Review Decisions"). The filing with the OHA of an administrative record and briefing ensued.

49.    In its briefing to the OHA, for simplicity plaintiff divided the FLRD in two reasons. Plaintiff argued two reasons given by SBA are clear errors. These reasons are as follows:

> **Reason number One:**
> **"Bank deposits for the period of July 2019 through December 2019 to <u>verify</u> the gross receipts on the 2019 Schedule C. "**
> **<u>(SBA, letter of denial dated March 4, 2025) (emphasis added)</u>**

> **Reason number Two:**
> **"As the submitted June-August 2020 bank statements do not list the principal/borrower, please provide a complete <u>business bank statement</u> showing the PPP Loan was deposited in the borrower's account, along with the complete June and August 2020 bank statements."**
> **<u>(SBA, letter of denial dated March 4, 2025)</u>.**

(a) <u>FLRD above reason number one is erroneous</u> SBA concludes that Bank deposits are required to <u>verify</u> gross receipts reported on Schedule C for tax year 2019. This conclusion is erroneous because under PPP loan application laws, rules and guidance in effect on July 20, 2020 for self employed individual as here (as published in Federal Register) require IRS FORM 1040 Schedule C with loan application to **substantiate** the applied for loan amount. Bank deposits to verify the gross receipt reported on the 2019 schedule C is not cited in any laws, rules and guidance on or before

July 20, 2020. Plaintiff is only subject to laws, rules and guidance at the time of the PPP loan application.

17. **Question:** I filed or approved a loan application based on the version of the PPP Interim Final Rules published at the time of the application. Do I need to take any action based on the updated guidance in these FAQs?[22]

**Answer:** No. Borrowers and lenders may rely on the laws, rules, and guidance available at the time of the relevant application. However, borrowers whose previously submitted loan applications have not yet been processed may revise their applications based on clarifications reflected in these FAQs.

Footnote [22] Question 17 published April 6, 2020 and revised March 3, 2021 to reflect subsequent rule making
(SBA FAQ published March 3, 2021)

\* \* \* \* \*

"You are eligible for a PPP loan if: (i)You were in operation on February 15, 2020; (ii) you are an individual with self-employment income (such as an independent contractor or a sole proprietor); (iii) your principal place of residence is in the United States; and (iv) you filed or will file a Form 1040 Schedule C for 2019."

( **Federal Register** / Vol. 85, No. 76 / Monday, April 20, 2020 / Rules and Regulations page 21748)

\* \* \* \* \*

Form 1040 Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount and a 2019 IRS Form 1099–MISC detailing non employee compensation received (box 7), invoice, bank statement, or book of record that establishes you are self-employed. "
**Federal Register** /Vol. 85, No. 76 /Monday, April 20, 2020 /Rules and Regulations page **21749**)( Emphasis added)

\* \* \* \* \*

You must provide the 2019 or 2020 (whichever you used to calculate your loan amount) IRS Form 1040, Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount ..

**(Federal Register** (86 FR 13149, March 4, 2021) (Emphasis added)

Plaintiff provided SBA (i) IRS Form 1040 Schedule C with loan application for tax year 2019., (ii)A copy of signed tax return Form 1040with schedule C for year 2019 ,(iii) A copy of IRS tax account transcript for year 2019 (iv) Copies of IRS refund checks for 2019 ,(v) copies of letter from IRS (vi) Completed and signed IRS Form 4506, allowing SBA to independently obtain tax transcript directly from IRS for year 2019 to verify Schedule C., (vii) IRS form 1099 in Box 7 reporting self employed independent contractor earning for 2019,. (viii).copies of invoices and canceled check for said invoices. Borrower showed "by a preponderance of the evidence" that the SBA's loan review decision "was based on clear error of fact or law".

Regulations (**Federal Register** /Vol. 85, No. 76 /Monday, April 20, 2020 /Rules and Regulations page **21749**)( Emphasis added)(supra) do not permit or require lender or SBA to **verify** reported income on IRS form 1040 schedule C via bank statements . "Verify" is different from term "Substantiate". Regulation only require substantiation of PPP loan amount via IRS Form 1040 Schedule C. Final loan Review document (FLRD) is in excess of regulations which plaintiff relied upon when she signed the loan application and note. This is clear error of LAW .

(b) FLRD reason two is erroneous. SBA rules do not require self employed individuals to have Business Bank account therefore demand of Business bank statements is clear error of Law."*Appellant is correct that the PPP regulations do not require a sole proprietor to have a business bank account .*"(OHA decision page 5 first paragraph date June 10, 2025, exhibit D).

Even though SBA is incorrect in it's demand of Business bank statements, plaintiff provided copies of bank statement from CITIBANK showing deposit of

$7500 in her personal account. CITIBANK issued letter showing my ownership of the account where $7500 was deposited.

No regulation has been cited by FLRD which requires where the PPP loan funds are to deposited by the Borrower. Plaintiff did not sign any document that PPP funds will be deposited in Business bank account OR any other Bank account.

Administrator incojunction with Treasury Secretary determined that self employed individuals operate out of either their homes, vehicles, or sheds (regulations/document/SBA-2020-0020-0001)(emphasis added) and 70 percent owned by women and minorities.. Given these facts regulations are silent on requiring Business bank statement.

50.    SBA decision dated August 26, 2024, OHA decision dated June 10, 2025 and July 18, 2025 have applied laws, rules and guidance for Sole proprietors with employees  to Plaintiff and ignored SBA form 3508 EZ for self employed individuals filed by plaintiff . Plaintiff's loan application  is under  self employed individual designation. Self employed individual do not have payroll as opposed to sole proprietor with payroll need business bank statement. SBA and  OHA misapplication of rules is arbitrary, and capricious.

51.    Plaintiff in PPP loan application as self employed individual  dated July 24, 220,  acknowledged under CERTIFICATIONS AND AUTHORIZATIONS :"

> " *I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects.* "
>
> *(*loan application dated 07/24/2020 page   )( EXHIBIT A )

Nothing in SBA decision, OHA decision dated June 10, 2025 and OHA decision dated July 18, 2025  cites any evidence or makes any representation that

either the plaintiff's loan application or the supporting document (Form 1040

schedule C for 2019) are not true and accurate in all material respects. In fact IRS

tax transcript, signed tax return and numerios other documents in record verify

applicant's supporting document Form 1040 schedule C for 2019. Plaintiff

provided SBA signed and completed Form IRS 4506 C so that SBA can

independently obtain Form 1040 Schedule C for year 2019 from IRS directly as

filed.

52.    OHA decision dated June 10, 2025 on page 2 Cites "borrowers "must provide

documentation . . . in connection with an SBA loan review." PPP as Amended by Economic Aid

Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021) to support that SBA can demand bank statements

to verify reported income on IRS form 1040 Schedule C for tax year 2019. This simply

erroneous and Clear error of law and regulations because document cited by the decision

above does not let reviewer decide which documents can be demanded by Lender or SBA:

> [B]borrowers with loans of any size <u>must provide</u>
> <u>documentation</u> independently to a lender to satisfy
> relevant Federal,State, local or other <u>statutory or</u>
> <u>regulatory requirements</u> or in connection with an SBA
> loan review
> (emphasis added)
> <u>86 Fed. Reg. 3706(Jan. 14, 2021)</u>
>
> *    *    *    *    *
>
> x.    I acknowledge that the Lender will confirm the
> eligible loan amount <u>using required documents submitted</u>.
> I understand, acknowledge, and agree that the Lender can
> share the tax information with SBA's authorized
> representatives * * *SBA Loan Program Requirements
> and all SBA reviews
>
> <u>(3706 Federal Register / Vol. 86, No. 9 / Thursday,</u>
> <u>January 14, 2021 / Rules and Regulations )</u>

No statutory or regulatory requirement exists that borrower of PPP loan for self

employed individual must provide bank statement to verify income reported on IRS Form

1040 Schedule C for year 2019. In fact the same document PPP as Amended by Economic Aid

Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021) clearly specifies regulatory requirements

applicable to plaintiff as follows:

> I have income from self employment and file a Form 1040, Schedule C, how do I calculate the maximum amount I can borrow and what documentation is required?53 How you calculate your maximum loan amount depends upon whether or not you employ other individuals. If you have no employees, the following methodology should be used to calculate your maximum loan amount:
>
> i.      Step 1: Find your 2019 or 2020 IRS Form 1040 Schedule C line 31 net profit amount (if you are using 2020 to calculate payroll costs and have not yet filed a 2020 return, fill it out and compute the value). If this amount is over $100,000, reduce it to $100,000. If this amount is zero or less, you are not eligible for a PPP loan.
>
> ii.     Step 2: Calculate the average monthly net profit amount (divide the amount from Step 1 by 12).
>
> iii.    Step 3: Multiply the average monthly net profit amount from Step 2 by 2.5. iv. Step 4: Add the outstanding amount of any Economic Injury Disaster Loan (EIDL) made between January 31, 2020 and April 3, 2020 that you seek to refinance. Do not include the amount of any advance under an EIDL COVID–19 loan (because it does not have to be repaid). You must provide the 2019 or 2020 (whichever you used to calculate loan amount) Form 1040 Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount and a 2019 or 2020 (whichever you used to calculate loan amount). IRS Form 1099–MISC detailing non employee compensation received (box 7), invoice, bank statement, or book of record that establishes you are self employed. (3700 Federal Register / Vol. 86, No. 9 / Thursday, January 14, 2021 / Rules and Regulations )

53.    Disregarding and forgoing the above authority, on or about August 7, 2025  SBA issued a decision affirming the final  loan review decision(FLRD). Plaintiff "is not entitled to PPP loan forgiveness in any amount." This is Clear Error of Law. A true and correct copy of the OHA's decision dated June 10, 2024, is attached as Exhibit D to this Complaint.

54.    13 CFR § 134.1211(b) provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service."

55.    In email dated august 7, 2025 plaintiff learned that The Administrator declined to review the OHA's decision dated July 18, 2025. Consequently, pursuant to 13 CFR § 134.1211(b), the OHA's decision dated July 18, 2025 became the final decision of the SBA on or about September 7, 2025, which is 17 days after the OHA's decision.. Law permits 30 days.

56.    Pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions be appealed to the appropriate federal district court only," Plaintiff has exhausted all administrative remedies, and may now pursue this action before this Court.

49.    The Supreme Court case Loper Bright Enterprises v. Raimondo ( 603 US 369 (2024)) centered on whether courts should defer to federal agencies' interpretations of ambiguous laws, a concept known as "Chevron deference." The Court, in a 6-3 decision, ultimately overturned the 1984 Chevron precedent, significantly impacting judicial review of administrative action. This means courts now have more power to review and reject agencies' interpretations of statutes.

Using Loper Bright (supra) doctrine this court should reject SBA'S  interpretation of rules and regulations and Cares Act in the matter on hand.


50.    "*[i]t is fundamental canon of statutory construction that the words of statute must be read in their contex*t " *CELEBRITY OF SPRINGFIELD, LLC,v.THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and ISABEL GUZMAN,in her official capacity as Administrator of the United States Small Business Administration,*( 2:23-cv-01720, (D.N.J.) ) . Keeping in mind that " *For example, many such individuals operate out of either their homes, vehicles, or sheds and thus do not incur qualifying mortgage interest, rent, or utility payments. As a result, most of their receipts will constitute net income. (regulations.gov/document/SBA-2020-0020-0001)(emphasis added).*  Some small self employed individuals may not even have bank account. Does that mean they are not eligible for PPP loan. PPP Loan application for self employed individuals only requires submittal of  form 1040 schedule C to substantiate income

and is the basis for calculating loan amount. It substantiates reported income . SBA decision ignores Schedule C reported income. It also ignores Self employed income reported on IRS Form 1099 -Misc in Box 7. What purpose does From 1040 schedule c and 1099- Misc with Box 7 entry serve if SBA simply ignores them and demands documents to verify reported income for which it has no authority. SBA's decision is arbitrary and Capricious and " [U]nder APA , courts must also invalidate agency actions that are "arbitrary , capricious, an abuse of discretion or otherwise not accordance with law"*CELEBRITY OF SPRINGFIELD, LLC,v.THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and ISABEL GUZMAN,in her official capacity as Administrator of the United States Small Business Administration,(supra).*

51.     Defendants have ignored repeated request of the plaintiff for a copy of the administrative record wth page numbers as cited in various decision by Administrative Law. OHA portal for filing appeal does not have requested record with sequence number. Phone calls to the SBA requesting administrative record have been fruitless. Phone messages left with SBA have also yielded no response.

## FIRST CAUSE OF ACTION
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### (SBA Lacks a Statutory or Regulatory Basis to Deny Forgiveness)

52.     Plaintiff repeats and re-alleges Paragraphs 1 through 51 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

53.     The APA provides that a reviewing court must "hold unlawful and set aside agency action ... found to be ... not in accordance with law." 5 U.S.C. § 706(2)(A).

54.     In denying forgiveness of the $7500 first draw loan in which Plaintiff' was subject, the SBA acted contrary to law, in violation of applicable law and regulations. This is Clear Error of Law.

55.     Specifically, and without limitation, 85 Fed. Reg. 33012 provides (in relevant part) as follows: "[I]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate." SBA abused it's power when it used this provision of regulation and denied forgiveness of the $7500 PPP loan.

56.     Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $7500 first draw loan.

## SECOND CAUSE OF ACTION
Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
(Arbitrary and Capricious Action in Violation of the APA)

57.     Plaintiff repeats and re-alleges Paragraphs 1 through 51 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

58.     The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

59.     In denying forgiveness of the $7500, the SBA acted arbitrarily, capriciously and abused its discretion.

60.     Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $7500 .

## THIRD CAUSE OF ACTION
Administrative Procedure Act, 5 U.S.C. § 706(1)
(to Compel Agency Action Unlawfully Withheld)

61.     Plaintiff repeats and re-alleges Paragraphs 1 through 51 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

62.     The APA provides that a reviewing court must "compel agency action unlawfully withheld." 5 U.S.C. § 706(2)(A).

63.     In concluding that plaintiff is not eligible for PPP loan of and denying forgiveness of the $7500 on that basis , the SBA unlawfully directed  the lender to deny the loan forgiveness application in whole ."

64.     Under 5 U.S.C. § 706(2)(A), this Court must compel the SBA to grant forgiveness of the $7500 .

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.     The entry of judgment in favor of the Plaintiff; and

B.     An order holding unlawful and setting aside the final decision of the SBA that denied forgiveness of the $7500 First draw loan and SBA decision that plaintiff was ineligible for PPP loan of $7500.

C.     An order compelling the SBA to grant forgiveness of the $7500  and

D.     An award of all costs pursuant to any applicable authority; and

E.     Such further relief as this Honorable Court deems just and proper.


Dated: S e p t e m b e r  3 , 2 0 2 5

By:    /s/

Sharan Jewel Sabhlok

    In Pro Se

1074 creston road

Berkeley, CA. 94708

510 301 1616

ASABHLOK@GMAIL.COM

20

# EXHIBIT A



**SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

08/26/2024

VIA FORGIVENESS PLATFORM

Matthew Kutner

Customers Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
    Borrower: Sharan Sabhlok
    SBA Loan No.: 2553108104
    Approved Loan Amount: $7,500.00
    Loan Approval Date: 07/13/2020
    Lender Forgiveness Decision Submission Date: 06/13/2024
    Lender Forgiveness Decision Amount: $0.00
    SBA Final Forgiveness Amount: $ 0.00

## *Dear: Matthew Kutner*

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan.  Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported.**

**The SBA requested the following information to calculate the Origination amount, determine the borrower's eligibility, and/or support forgiveness, however no response was received:**

**Signed Filed Tax Returns for tax years 2019, 2020, and 2021**

**IRS Tax Return transcript for tax years 2019, 2020, and 2021**

**Completed, Signed IRS Form 4506-C**

**1099s if applicable (if a sole prop)**

**Business Bank Statements: 8 months total of business bank statements, or 3 months if sole prop.**

**Concurrence with the Lender Denial.**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to Office of Hearings and Appeals.
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration

# EXHIBIT B

# United States Small Business Administration
## Office of Hearings and Appeals

| | |
|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF: | Issued: October 28, 2024 |
| | Decision No. PPP-2553108104 |
| Sharan Jewel Sabhlok | |
| Appellant | |
| Appealed from SBA PPP Loan Number 2553108104 | |

## ORDER GRANTING THE UNITED STATES SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS

On October 24, 2024, the United States Small Business Administration (SBA) filed Motion to Dismiss the Paycheck Protection Program (PPP) Appeal filed by Sharan Jewel Sabholok (Appellant).   SBA moves for dismissal as the final SBA loan review decision in the above appeal was withdrawn.

OHA only has jurisdiction over cases where SBA has issued a final loan review decision that determined the borrower is ineligible for a PPP loan, ineligible for the PPP loan amount received, used the PPP loan proceeds for unauthorized uses, is ineligible for the PPP loan forgiveness amount determined by the lender in its full or partial approval decision issued to SBA, or is ineligible for PPP loan forgiveness when the lender has issued a full denial decision to SBA. 13 C.F.R. § 134.1201(b). OHA does not have jurisdiction over decisions made by lenders concerning a PPP loan. 13 C.F.R. § 134.1201(c). Nor does OHA have jurisdiction over determinations made by SBA's Office of Inspector General concerning a PPP loan. 13 C.F.R. § 134.1201(e).

Although Appellant received a final loan review decision, SBA withdrew this decision. *See* Declaration of Jason C. Frulla. As such, OHA no longer has jurisdiction over this appeal.[1]

As this appeal does not fall within OHA's jurisdiction outlined in 13 C.F.R. § 134.1201, I grant SBA's motion to dismiss the instant appeal for lack of jurisdiction. 13 C.F.R. § 134.1205(a)(1).

---

[1] While 13 C.F.R § 134.211(c) allows the nonmoving party an opportunity to respond 15 days after the motion is served, unless the Judge sets a different deadline, the withdrawal of the final loan review decision is a jurisdictional issue.

This is an initial decision by the SBA. However, unless a request for reconsideration is filed pursuant to 13 C.F.R. § 134.1211(c) on the OHA Case Portal at *https://appeals.sba.gov*, this decision shall become the final decision of SBA 30 calendar days after its service. See 13 C.F.R. § 134.1211(b).

*Christa Zamora*

CHRISTA ZAMORA
Administrative Law Judge

# EXHIBIT C



**SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

03/04/2025

VIA FORGIVENESS PLATFORM

Michele Vervlied

Customers Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
  Borrower: Sharan Sabhlok
  SBA Loan No.: 2553108104
  Approved Loan Amount: $7,500.00
  Loan Approval Date: 07/13/2020
  Lender Forgiveness Decision Submission Date: 06/13/2024
  Lender Forgiveness Decision Amount: $0.00
  SBA Final Forgiveness Amount: $ 0.00

## *Dear: Michele Vervlied*

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan.  Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported. The SBA requested the following information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness, however, sufficient documentation was not provided:**
**Bank deposits for the period of July 2019 through December 2019 to verify the gross receipts on the 2019 Schedule C. As the submitted June-August 2020 bank statements do not list the principal/borrower, please provide a complete business bank statement showing the PPP Loan was deposited in the borrower's account, along with the complete June and August 2020 bank statements.**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to Office of Hearings and Appeals.
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration

# EXHIBIT D

## United States Small Business Administration
## Office of Hearings and Appeals

| | |
|---|---|
| PAYCHECK PROTECTION PROGRAM APPEAL OF:<br><br>Sharan Jewel Sabhlok<br><br>Appellant<br><br>Appealed from<br>SBA PPP Loan Number<br>2553108104 | Issued: June 10, 2025<br><br>Decision No. PPP-2553108104 |

### APPEARANCES

For Appellant: Sharan Jewel Sabhlok, Borrower, Pro se

For Small Business Administration: Shamia Stewart, Office of General Counsel, Attorney

### DECISION

### I. Introduction and Jurisdiction

On March 6, 2025, Sharan Jewel Sabhlok (Appellant) received the Final Loan Review Decision (FLRD) finding her ineligible for the Paycheck Protection Program (PPP) Loan she received. On April 2, 2025, Appellant filed the instant appeal from that FLRD. Appellant argues that the FLRD is clearly erroneous, requests that OHA reverse it, and find her eligible for PPP loan forgiveness. For the reasons discussed infra, I deny the appeal and affirm the FLRD.

OHA conducts PPP appeals under the authority of 13 C.F.R. part 134 Subpart L.

### II. Background

### A. Paycheck Protection Program

The PPP was a temporary SBA 7(a) Loan Program designed to provide emergency assistance to certain small businesses during the COVID-19 crisis, for the purposes of helping businesses keep their workers paid and employed. PPP was established under section 1102 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act (Pub. L. 116– 136), which was signed into law on March 27, 2020, and subsequently was revised and expanded by other statutes. In general, PPP was open to all American small businesses, including sole proprietorships, independent contractors, and self-employed individuals. 15 U.S.C. § 636(a)(36)(D). Under PPP, borrowers obtain loans through an SBA-approved lender, rather than from SBA itself, and the lender services the PPP loan.

## B. Appellant's PPP Loan and Forgiveness Process

On July 24, 2020, Appellant applied for a First Draw Loan of $7500, identifying her average monthly payroll as $3,000. AR 25 - 29. Appellant represents that she started her sole proprietorship on July 2, 2019.[1] AR 165.

Appellant's Schedule C shows gross income of $18,000. AR 24. The principal business was identified as "filming tech details", with a business name of "environmental cons" and an NAICS of 541310. AR 24. Ashok Sabhlok issued Appellant's 2019 Form 1099-Misc for $18,000 in nonemployee compensation. AR 113.

In applying for this loan, Appellant certified to the accuracy of the information provided:

> I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

AR 26.

Appellant executed a promissory note for $7500 on July 24, 2020. AR 52 - 57. 2019

The lender's transcript of account shows that $7500 was fully disbursed that same day. AR 106.

On August 8, 2023, $7500 of principal and $225.98 in interest was repaid. AR 106.

On June 8, 2024, Appellant requested full forgiveness of her $7,500 loan. AR 100 - 102.

## C. Final SBA Loan Review Decision

On March 4, 2025, SBA issued its decision:

> After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported. The SBA requested the following

---

[1] Appellant's unsigned "New Business License Application", however, shows a start date of July 20, 2019. AR 178.

information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness, however, sufficient documentation was not provided: Bank deposits for the period of July 2019 through December 2019 to verify the gross receipts on the 2019 Schedule C. As the submitted June-August 2020 bank statements do not list the principal/ borrower, please provide a complete business bank statement showing the PPP Loan was deposited in the borrower's account, along with the complete June and August 2020 bank statements.

AR 18 - 19.

### D. Appeal

On April 2, 2025, Appellant filed the instant appeal arguing the FLRD is clearly erroneous. Appellant argues that she provided the required documentation to support the loan. OHA Portal: Appellant's Opening Statement. In addition, SBA rules and regulations do not specify which bank account a borrower must deposit PPP loan funds in. Id. Further, SBA never requested evidence showing that Appellant received PPP fund of $7500.00 in her bank account. Id. Lastly, the PPP Loan rules do not require a borrower to have a business bank account. Id.

### III. Discussion

### A. Standard of Review

Appellant has the burden of proving all elements of the appeal. Specifically, Appellant must prove that the FLRD is based upon a clear error of fact or law. 13 C.F.R. § 134.1210.

### B. Analysis

At issue is whether Appellant was eligible for the PPP loan, whether the loan was calculated correctly and/or eligible for forgiveness.

Appellant argues that she met the requirements for showing compliance with the PPP loan application. In support, Appellant cites to PPP regulations on loan documentation:

Regardless of whether you have filed 2019 tax return with the IRS, you must provide the 2019 Form 1040 Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount and a 2019 IRS Form 1099–MISC detailing non employee compensation received (box 7), invoice, bank statement, or book of record that establishes you are self-employed. You must provide a 2020 invoice, bank statement, or book of record to establish you were in operation on or around February 15, 2020.

PPP – Additional Eligibility Criteria and Requirements for Certain Pledges of Loans, 85 Fed. Reg. 21747, 21749 (April 20, 2020).

Appellant represents that she provided all the documents necessary for her

loan application. Appellant's application, however, is being reviewed as part of the loan forgiveness process. PPP regulations state borrowers "must provide documentation . . . in connection with an SBA loan review." PPP as Amended by Economic Aid Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021). Additionally, the Interim Final Rule, Business Loan Program Temporary Changes, PPP - Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act, 86 Fed. Reg. 8283, 8295 (Feb. 5, 2021), stipulates that:

> If loan documentation submitted to SBA by the lender or any other information indicates that the borrower may be ineligible for a PPP loan or may be ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower, SBA will require the lender to contact the borrower in writing to request additional information. SBA may also request information directly from the borrower. Failure to respond to SBA's inquiry may result in a determination that the borrower was ineligible for a PPP loan or ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower.

Appellant was on notice of these requirements, as Appellant assented to the following in applying for PPP loan forgiveness:

> SBA may request additional information for the purposes of evaluating the Borrower's eligibility for the PPP loan and for loan forgiveness, and the Borrower's failure to provide information requested by SBA may result in a determination that the Borrower was ineligible for the PPP loan or in a denial of the Borrower's loan forgiveness application.

AR 65.

Here, SBA requested bank statements for the period of July 2019 through December 2019 to verify the gross receipts on the 2019 Schedule C. AR 98. Appellant represented that it was in business starting July of 2019, and earned $18,000, or $3,000 per month. A 2019 Form 1099-Misc reflects nonemployee compensation of $18,000 to Appellant. OHA Portal: 1099-Misc.  The record contains no bank statements with Appellant's name that support $18,000 in compensation for 2019.

The record does contain a letter from Charles Schwab, however, the addressee's first name and the account owner's names are redacted. OHA Portal: Deposit Schwab Bank. The addressee's last name is Sabhlok.  Id.  The letter responds to a request for information on Schwab One account ending in 133 registered to a redacted name, which had two check deposits of $3,042 made August 7, 2019 and September 12, 2019 and one deposit of $3,125 on October 9, 2019. OHA Portal: Deposit Schwab Bank. Appellant also includes a Charles Schwab November statement, showing that $3,150 was received on November 14, 2019, and a December statement, showing $6,000 was received on December 20, 2019. Id. The letter informs that the Schwab One account is an individual account which is linked to an investor checking account in Appellant's name. Id. Appellant's investor checking account is not in the record.  Appellant's name is not on these Charles Schwab statements. OHA Portal:  Deposit Schwab Bank. With the name redacted, it appears Appellant is using someone else's account

statements who also shares Appellant's last name to support $18,000 in compensation. None of these statements have Appellant's full name on it.

Contrary to Appellant's argument, SBA previously requested Appellant's business bank statements from June – August 2020. AR 98. Appellant is correct that the PPP regulations do not require a sole proprietor to have a business bank account. SBA justified this request "[a]s the submitted June-August 2020 bank statements did not list the principal/ borrower." Id. The submitted bank statements are not Appellant's name – as with above, the name on the account is redacted. AR 174 – 176. Appellant did not submit business bank account statement. SBA's finding is upheld.

Without these documents, Appellant failed to show that she was eligible for the PPP loan. SBA regulations make clear that ineligible borrowers would not receive loan forgiveness under the CARES Act. See e.g. CARES Act § 1106(b), 134 Stat. at 298 (codified at 15 U.S.C. § 636(b))("An eligible recipient shall be eligible for forgiveness); PPP - Requirements-Loan Forgiveness, 85 Fed. Reg. 33004, 33005 (May 28, 2020) ("If SBA determines in the course of its review that the borrower was ineligible for the PPP loan, the loan will not be eligible for loan forgiveness."); PPP - Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act, 86 Fed. Reg. 8283, 8296 (February 3, 2021) (consolidates and restates multiple PPP Interim Final Rules regarding forgiveness requirements, including the requirement that ineligible borrowers will not receive loan forgiveness). Therefore, loan forgiveness is denied.

## C. Conclusion

Appellant has the burden of proving all elements of the appeal. Specifically, Appellant must prove that the FLRD is based upon a clear error of fact or law. 13 C.F.R. § 134.1210. Appellant failed to establish that the FLRD is based on a clear error. I deny the appeal and affirm the FLRD. This is an initial agency decision. However, unless a request for reconsideration is filed pursuant to 13 C.F.R. § 134.1211(c) on the OHA Case Portal at *https://appeals.sba.gov* within 10 calendar days after service of the Judge's decision, this decision shall become the final decision of SBA 30 calendar days after its service. 13 C.F.R.§ 134.1211.

Christa L.
Zamora -S

Digitally signed by Christa L. Zamora -S
Date: 2025.06.10 10:50:37 -07'00'

CHRISTA ZAMORA
Administrative Law Judge

# EXHIBIT E

**United States Small Business Administration**
**Office of Hearings and Appeals**

|  |  |
|---|---|
| PETITION FOR RECONSIDERATION:<br><br>Sharan Jewel Sabhlok<br><br>    Appellant<br><br>Appealed from<br>SBA PPP Loan Number<br>2553108104 | Decided: July 18, 2025<br><br>Decision No. PFR-2553108104 |

## DECISION

### I. Introduction and Jurisdiction

On June 20, 2025, the U.S. Small Business Administration (SBA) Office of Hearings and Appeals (OHA) received a petition for reconsideration (PFR) in the above-captioned matter from Sharan Jewel Sabhlok (Appellant). The PFR seeks OHA's reconsideration pertaining to OHA's initial decision, denying the appeal of Paycheck Protection Program (PPP) Loan No. 2553108104.

OHA has jurisdiction to decide this PFR. See 13 C.F.R. Part 134, Subpart L.

### II. Discussion

### A. Standard of Review

An initial decision of the Judge may be reconsidered. Either SBA or appellant may request reconsideration by filing with the Judge and serving a PFR within 10 calendar days after service of the Judge's decision. The request for reconsideration must clearly show an error of fact or law material to the decision. 13 C.F.R. § 134.1211 (c)(1).

### B. Analysis

On June 10, 2025, OHA issued the initial decision. OHA's initial decision upheld SBA's FLRD as Appellant failed to provide bank statements from July 2019 through December 2019 to verify gross receipts on the draft 2019 Schedule C. Further, June – August 2020 bank statements did not show that the loan was deposited in the Appellant's account.

Appellant's main argument is that she was "only required to meet rules and regulation[s] in effect at the time of loan application as per SBA rules." Reconsideration Application. Appellant argues that she met PPP loan

application requirements that were in effect on April 20, 2020. At the time of loan approval, she provided all that was required, which were: 1. 2019 Form 1040 Schedule C, 2. Form 1099-Misc, 3. Tax transcript for 2020, 4. invoice, 5. passport copy, and 6. Citi bank evidence. Id.

I am not persuaded by Appellant's arguments. Appellant is correct that loan eligibility is based upon meeting the requirements at the time of application – nevertheless, this does not foreclose the Lender or SBA from revisiting the loan and confirming that the represented documents are accurate.

The record reflects that after applying, Appellant's Lender denied forgiveness due to fraud and inconsistencies concerns.[1] AR 23 ("sufficient inconsistences within the documentation available that are indications of fraud, and therefore has made the determination to deny the forgiveness application.") AR 23. These fraud concerns provide justification for the requested documents and the need to verify Appellant's documents.

As stated by the initial decision, borrowers "must provide documentation . . . in connection with an SBA loan review." PPP as Amended by Economic Aid Act, 86 Fed. Reg. 3692, 3706 (Jan. 14, 2021). Additionally, the Interim Final Rule, Business Loan Program Temporary Changes, PPP - Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act, 86 Fed. Reg. 8283, 8295 (Feb. 5, 2021), stipulates that:

> If loan documentation submitted to SBA by the lender or any other information indicates that the borrower may be ineligible for a PPP loan or may be ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower, SBA will require the lender to contact the borrower in writing to request additional information. SBA may also request information directly from the borrower. Failure to respond to SBA's inquiry may result in a determination that the borrower was ineligible for a PPP loan or ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower.

---

[1] In applying for the loan, Appellant certified to the following:

I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

AR 26.

Appellant was on notice of these requirements, assenting to:

> SBA may request additional information for the purposes of evaluating the Borrower's eligibility for the PPP loan and for loan forgiveness, and the Borrower's failure to provide information requested by SBA may result in a determination that the Borrower was ineligible for the PPP loan or in a denial of the Borrower's loan forgiveness application.

Here, SBA requested bank statements for the period of July 2019 through December 2019 to verify the gross receipts on the 2019 Schedule C. AR 98. Requests for bank records were within the scope both SBA's and the Lender's requests. Bank records would verify Appellant's eligibility, such as showing she was in operation on February 15, 2020. See PPP – Interim Final Rule, 85 Fed. Reg. 20812 (April 15, 2020).

Even on PFR, Appellant has not provided the missing documents identified in the FLRD. Rather, Appellant now includes the front side of checks – however, there is no evidence that these checks were deposited by Appellant. The only bank statements in the file have the account holder's first name crossed out, although the last name is the same.[2] Deposit Schwab Bank. As records identified in the FLRD still remain missing, Appellant failed to show that the initial decision was clearly erroneous.

## C. Conclusion

For the foregoing reasons, the instant PFR is denied. 13 C.F.R. § 134.1211(c). Unless the SBA Administrator, solely within her discretion, elects to review and/or reverse this decision per 13 C.F.R. §134.1211(d), this decision will become the SBA's final decision 30 calendar days after it is served. See 13 C.F.R. § 134.1211(b). The discretionary authority of the Administrator to review and/or reverse a decision does not create any additional rights of appeal on the part of an appellant not otherwise specified in SBA regulations in this chapter. See id. Once the OHA decision becomes final or the Administrator issues a final decision, the final decision may be appealed to the appropriate Federal district court. 13 C.F.R. §134.1211(d). This decision is non-precedential but may be published. 13 C.F.R. § 134.1211(e) and (f).

Christa L. Zamora -S
Digitally signed by Christa L. Zamora -S
Date: 2025.07.18 07:17:20 -07'00'

CHRISTA ZAMORA
Administrative Law Judge

---

[2] Appellant provided consulting services to Ashok Sabhlok, who shares her last name. It appears that Ashok may be the account holder of the Charles Schwab account. Deposit Schwab Bank.

# EXHIBIT F



# U.S. SMALL BUSINESS ADMINISTRATION
## WASHINGTON, D.C. 20416

August 7, 2025

Sharan Jewel Sabhlok
Berkeley, CA
asabhliok@gamil.com

RE: Petition for Review of SBA Office of Hearings and Appeals
(OHA) Decision in Case: Loan Number - 2553108104

Mr. Sabhlok,

Thank you for contacting the Office of the Administrator, U.S. Small Business Administration.

Per 13 C.F.R. §134.1211(d), such a review is solely within the Administrator's discretion. Upon review and consideration, the Administrator declines to exercise her discretion to review the decision issued in this Appeal.

Final decisions may be appealed to the appropriate Federal district court only. 13 C.F.R. §134.1211(g).

Thank You!

*Christopher Holleman*

Christopher Holleman
Assistant Administrator (A),
  Office of Hearings and Appeals