United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARAN JEWEL SABHLOK,

Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.,

Defendants.

Case No. 25-cv-07605-TSH

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 28, 30

## I. INTRODUCTION

Plaintiff Sharan Jewel Sabhlok seeks judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 706, of the government's final decision denying forgiveness of her Paycheck Protection Program loan. Plaintiff now moves for summary judgment. ECF Nos. 28. Defendants United States Small Business Administration (SBA) and Kelly Loeffler, in her official capacity as Administrator of the SBA, cross-move to affirm. ECF No. 30. The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 3, 2026 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court concludes the SBA's decision was neither arbitrary nor capricious nor otherwise contrary to law. Accordingly, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendants' cross-motion.[1]

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 5, 10.

## II. BACKGROUND

### A. Statutory Background

#### 1. Small Business Act

In 1953 Congress enacted the Small Business Act, which established the Small Business Administration, to aid, counsel, assist, and protect "small business concerns." 15 U.S.C. §§ 631(a), 633(a). The SBA "was given extraordinarily broad powers to accomplish these important objectives." *Small Bus. Admin. v. McClellan*, 364 U.S. 446, 447 (1960).

The SBA provides financing to "small business concerns" primarily by issuing private loans under Section 7(a) of the Small Business Act, either directly or "in cooperation with banks or other financial institutions." 15 U.S.C. § 636(a); *Meduri Farms, Inc. v. U.S. Small Bus. Admin.*, 799 F. Supp. 3d 1144, 1145 (D. Or. 2025) (citing *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1248 (11th Cir. 2020)). To carry out its power under Section 7(a) of the Small Business Act, the SBA Administrator can "make such rules and regulations" as necessary to carry out the agency's authority. 15 U.S.C. § 634(b)(6).

#### 2. CARES Act and Paycheck Protection Program

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) to provide assistance during the COVID-19 pandemic. Pub. L. No. 116-135, § 1102, 134 Stat. 281, 286-94 (2020) (codified at 15 U.S.C. § 636(a)). The CARES Act provided certain small businesses with forgivable, low-interest loans that were guaranteed by the federal government "to help businesses weather the pandemic." *Air Excursions LLC v. Yellen*, 66 F.4th 272, 275 (D.C. Cir. 2023).

Section 1102 of the CARES Act established the Paycheck Protection Program (PPP) to help small businesses keep workers employed during the pandemic. 15 U.S.C. § 636(a); *Seville Indus. LLC v. U.S. Small Bus. Admin.*, 144 F.4th 740, 742 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 1867 (2026). Congress authorized the SBA to guarantee covered loans under the same "terms, conditions, and processes" as a loan made under Section 7(a) of the Small Business Act, except as otherwise provided in 15 U.S.C. § 636(a). 15 U.S.C. § 636(a)(36)(B). The SBA Act authorized regular Section 7(a) loans to be made directly by the SBA or in cooperation with lending banks.

*Id.* § 636(a). The PPP "delegated authority by the [SBA] Administrator" to lending banks "to make and approve covered loans" to eligible businesses, guaranteed by the SBA. *Id.* § 636(a)(36)(F)(ii)(I). The CARES Act permitted borrowing businesses to use PPP loans to cover employees' payroll costs or a business's operating costs such as mortgage, rent, or utility payments. *Id.* § 636(a)(36)(F)(i).

**3. Loan Forgiveness**

Section 1106 of the CARES Act, codified at 15 U.S.C. § 636m, governs forgiveness for first-and second-draw PPP loans. "An eligible recipient shall be eligible for forgiveness of indebtedness on a covered loan in an amount equal to" the amount of the PPP loan used for authorized purposes, including payments towards rent, payroll, and utilities, if at least sixty percent of the PPP loan went towards payroll costs. 15 U.S.C. § 636m(b), (d)(8). Loan recipients could apply for forgiveness by submitting an application, including documentation verifying the number of employees, payroll tax filings, proof of payment of rent, utilities, and other covered expenditures, and "any other documentation the [SBA] determines necessary," to its lender. 15 U.S.C. § 636m(e). "The lender would then issue its decision to the SBA, and, if the lender forgave the loan in whole or in part, the SBA would remit the forgiven amount to the lender, subject to the SBA's own review." *Gold Club SF, LLC v. U.S. Small Bus. Admin.*, 2025 WL 2798917, at *4 (N.D. Cal. Sept. 30, 2025) (citing 15 U.S.C. § 636m(c), (g); 85 Fed. Reg. 38,306). "If SBA determines in the course of its review that the borrower was ineligible for the PPP loan based on the provisions of the CARES Act, SBA rules or guidance available at the time of the borrower's PPP loan application, or the terms of the borrower's PPP loan application (for example, because the borrower lacked an adequate basis for the certification that it made in its PPP loan application), the loan will not be eligible for loan forgiveness." *Id.* (quoting 85 Fed. Reg. 38,306).

"Once a PPP borrower has applied for loan forgiveness, repayment of the principal loan amount and interest thereon is deferred until the SBA remits the forgiven amount to the lender or determines that the loan is not eligible for forgiveness." *Id.* (citing 15 U.S.C. § 636(a)(36)(M)(ii) (establishing that the SBA Administrator must "provide complete payment deferment relief for

United States District Court
Northern District of California

impacted borrowers with covered loans . . . until the date on which the amount of forgiveness determined under section 636m of this title is remitted to the lender"); 86 Fed. Reg. 8283, 8288).

**4. Appeal Process**

The SBA established procedures to rule on applications for PPP loan forgiveness and for businesses to administratively appeal such decisions. If the SBA, upon reviewing a PPP loan, found that the borrower was ineligible for the loan, used the PPP loan for unauthorized purposes, or was ineligible for PPP loan forgiveness, the SBA could issue a final loan review decision (FLRD) denying loan forgiveness. 13 C.F.R. § 134.1201(b).

The borrower could then administratively appeal the decision to SBA's Office of Hearings and Appeals (OHA). *Id.* § 134.1201(c). Appeals must be filed within 30 days of the borrower receiving the FLRD and must include a copy of the FLRD, a statement of why the FLRD is "alleged to be erroneous," and any relevant exhibits and attachments. *Id.* §§ 134.1202, 134.1204(a). The SBA must then lodge the administrative record, and the borrower has an opportunity to object to the administrative record. *Id.* § 134.1207. The SBA may file a response to the borrower's appeal. *Id.*§ 134.1208(a). All appeals of FLRDs are "decided solely on a review of the administrative record, the appeal petition, any response, any reply or supplemental pleading, and filings related to objection to the administrative record" and neither "discovery nor oral hearings" are permitted. *Id.* § 134.1209. The borrower has the burden of proof to show that the FLRD "was based on clear error of fact or law." *Id.* § 134.1210.

Under § 134.1211, an OHA Administrative Law Judge (ALJ) must issue a written decision on an appeal. The ALJ's decision regarding a challenged FLRD must be issued within 45 days after close of the record, as practicable, and contain "findings of fact and conclusions of law, the reasons for such findings and conclusions, and any relief ordered." *Id.* § 134.1211(a). The ALJ's decision constitutes an initial agency decision. *Id.* § 134.1211(b). Unless a party timely seeks reconsideration or the SBA Administrator elects, in the Administrator's sole discretion, to review or reverse the decision, the initial decision becomes the SBA's final decision 30 days after service. *Id.* § 134.1211(c). Either the appellant or SBA may seek reconsideration within 10 days by identifying a material error of fact or law, and the ALJ also may reconsider the decision sua sponte

United States District Court
Northern District of California

within 20 days. *Id.* A reconsidered initial decision likewise becomes final after 30 days unless the Administrator elects to review or reverse it. *Id.* The SBA Administrator also retains discretionary authority to review or reverse an initial or reconsidered OHA decision within 30 days of service, in which case the Administrator's decision constitutes the SBA's final agency decision. *Id.* § 134.1211(d). Final decisions "may be appealed to the appropriate Federal district court." *Id.* § 134.1211(g). "A timely appeal by a PPP borrower of a final SBA loan review decision extends the deferment period of the PPP loan until a final decision is issued under § 134.1211." *Id.* § 134.1202(d).

**B. Factual and Procedural Background**

On or about July 24, 2020, Plaintiff applied for and received a PPP loan in the principal amount of $7,500.00. Admin. Record (AR) at 25-30, 106-07. On or about June 13, 2024, Plaintiff applied for PPP loan forgiveness utilizing SBA Form 3508 EZ, dated June 8, 2024, requesting forgiveness of the entire loan. AR at 100-05. One day earlier, on June 12, 2024, the PPP lender, Customers Bank, wrote to SBA: "Customers Bank Fraud Prevention and Investigations (FPI) reviewed [Plaintiff's PPP loan] due to Internal Program Fraud Indicators. FPI has identified sufficient inconsistencies within the documentation available that are indications of fraud, and therefore has made the determination to deny the forgiveness application." AR at 23.

On August 26, 2024, SBA issued an FLRD, which states, among other things:

> After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported. The SBA requested the following information to calculate the Origination amount, determine the borrower's eligibility, and/or support forgiveness, however no response was received:
>
> Signed Filed Tax Returns for tax years 2019, 2020, and 2021
>
> IRS Tax Return transcript for tax years 2019, 2020, and 2021
>
> Completed, Signed IRS Form 4506-C
>
> 1099s if applicable (if a sole prop)
>
> Business Bank Statements: 8 months total of business bank statements, or 3 months if sole prop.
>
> Concurrence with the Lender Denial.

AR at 20-21; *see also* AR 23 (Lender Denial); AR 180-81 (Notice from Customers Bank to Plaintiff re: final request to obtain required supporting documentation). The August 26 FLRD goes on to state: "Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate." AR at 21.

On September 27, 2024, Plaintiff filed a petition appealing SBA's decision. AR 165-72. In her appeal, Plaintiff states she first applied for the PPP loan through Kabbage Financial and submitted a forgiveness application through Kabbage but encountered requests for additional documents without confirmation or updates. AR 165. Plaintiff later applied through K Servicing on March 14, 2022, and states that application was accepted and approved on July 6, 2022. *Id.* However, she states she subsequently learned that Customers Bank is the actual lender after receiving an email from Customers Bank on February 13, 2024, stating they identified issues with her application. AR 165-66. On February 27, 2024, she received an email from noreply@lenderscooperative.com regarding a Form 3508EZ forgiveness application, which she states she completed with requested documents. AR 166. On July 19, 2024, she received five emails from Customers Bank, and on July 22, 2024, she received a document request through a third-party portal that was later removed or closed, which she describes as seeking materials such as payroll records, Secretary of State formation documents, Forms 941, multiple years of 1099s and tax returns, articles of incorporation, bank statements, a professional license with certification, Form 4506-C, and a 2018 tax return, among other items. *Id.* Plaintiff states that compliance within a five-business-day deadline was impossible due to illness with COVID-19 beginning July 30, 2024, identity theft issues affecting IRS account access, the need to obtain tax transcripts and archived bank statements, the absence of payroll or incorporation documents, and the inability to complete Form 4506-C without IVES participant information. AR 166, 169. She further states that messages were sent from "noreply" addresses, that uploads were directed to a third-party portal at lenderscooperative.com, and that Customers Bank communications included a warning about third-party sites. AR 170. Plaintiff states she received no direct document requests from the SBA, that the SBA denial letter did not demand several categories of documents sought by the lender, and that she was not informed by the SBA that Customers Bank was her lender or provided

an SBA-secure upload site or phone contact. *Id.* She states she was unaware until September 15, 2024, of bankruptcy filings by Kabbage and K Servicing and asserts she provided Kabbage and K Servicing with documents including 2019 and 2020 tax returns, 1099-MISC forms for 2019 and 2020, and a bank statement. AR 171. Plaintiff characterizes the lender's July 2024 document demands as contradictory or inapplicable to a self-employed borrower using Form 3508EZ. AR 167, 172.

On October 17, 2024, SBA withdrew the August 26, 2024 FLRD and on October 24, 2024, moved to dismiss the appeal, which was subsequently granted on October 28, 2024. *See* ECF No. 15-2 at 144-51.[2]

SBA issued a new FLRD dated March 4, 2025. AR at 18-19. SBA states, among other things:

> After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported. The SBA requested the following information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness however, sufficient documentation was not provided: Bank deposits for the period of July 2019 through December 2019 to verify the gross receipts on the 2019 Schedule C. As the submitted June-August 2020 bank statements do not list the principal/borrower, please provide a complete business bank statement showing the PPP Loan was deposited in the borrower's account, along with the complete June and August 2020 bank statements.

AR at 18. The FLRD goes on to state: "Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate." AR at 19.

On March 30, 2025, Plaintiff filed a petition appealing SBA's March 4, 2025 FLRD, arguing the denial is invalid because rules permit alternatives to bank deposits to establish self-employment, including 1099s, invoices, bank statements, or books of record, and rules do not require a specific bank account or a business account for PPP funds. ECF No. 15-2 at 153, 158-70.

On June 10, 2025, ALJ Christa Zamora affirmed the FLRD because Plaintiff "failed to

[2] ECF No. 15-2 contains documents that are part of the administrative record but are not numbered sequentially with the remainder of the record, which is filed at ECF Nos. 15-3 and 15-4.

establish that the FLRD is based on a clear error." ECF No. 15-4 at 72-76.[3] The ALJ noted an absence of bank statements bearing Plaintiff's name to substantiate 2019 gross receipts and to show the receipt of PPP funds into the borrower's account. *Id.* at 75. The ALJ also noted the record contains no bank statements with the borrower's name that support $18,000 in 2019 compensation; instead, Plaintiff submitted Charles Schwab materials with a redacted name sharing Plaintiff's last name, but that investor account is not in the record. *Id.* The ALJ noted previously submitted June–August 2020 bank statements did not list the principal/borrower and reflected redacted account holder names, and the borrower did not submit a business bank account statement showing deposit of PPP funds. *Id.* at 74, 76.

The ALJ also addressed Plaintiff's contention that PPP rules did not require a particular bank account or a business bank account for sole proprietors. The ALJ acknowledged that PPP regulations do not require a sole proprietor to have a business bank account, but she found SBA's request justified because the submitted June–August 2020 statements did not list the principal/borrower. *Id.* at 74, 76. The ALJ further explained that, while documentation sufficient for loan origination may include a Schedule C and a Form 1099-MISC, the forgiveness review is governed by later-issued rules authorizing SBA to request additional information and to deem borrowers ineligible for forgiveness if they fail to respond adequately. *Id.* at 75. The ALJ quoted PPP regulations stating borrowers "must provide documentation . . . in connection with an SBA loan review," and cited the Interim Final Rule authorizing SBA to request additional information from the borrower and warning that failure to respond may result in a determination of ineligibility for the loan or the forgiveness amount claimed. *Id.* (citing 86 Fed. Reg. 3692, 3706). The ALJ noted that Plaintiff, in seeking forgiveness, expressly assented that SBA could request additional information to evaluate eligibility and that failure to provide it could result in a determination of ineligibility or denial of forgiveness. *Id.* On this record, the ALJ concluded that Plaintiff failed to carry the burden to show eligibility for the PPP loan and entitlement to forgiveness, finding that, without the requested bank statements corroborating 2019 gross receipts under Plaintiff's name

[3] Judge Zamora's decision is part of the administrative record but is not numbered sequentially with the remainder of the record.

and confirming deposit of PPP funds into her account, Plaintiff had not shown eligibility. *Id.* at 75-76.

On June 19, 2025, Plaintiff filed a petition for reconsideration. ECF No. 15-4 at 78-85. Plaintiff argued SBA's demand for bank deposit records to verify 2019 gross receipts lacks support in the governing rules and the CARES Act, asserting that Schedule C verifies net income used for PPP calculations and that eligibility is determined by guidance in effect at the time of application. *Id.* at 78-80. She asserts she submitted a 2019 Schedule C, a 2019 Form 1099-MISC reflecting nonemployee compensation, a 2020 tax transcript evidencing operation around February 15, 2020, and invoices, and she states she later provided additional identification and Citibank evidence via SBA appeal correspondence in late May 2025. *Id.* at 80-81. Plaintiff also notes that SBA guidance acknowledges many sole proprietors may have limited overhead and, in some cases, may lack bank accounts. *Id.* at 79, 83.

On July 18, 2025, Judge Zamora denied Plaintiff's petition, stating:

> Even on PFR, Appellant has not provided the missing documents identified in the FLRD. Rather, Appellant now includes the front side of checks – however, there is no evidence that these checks were deposited by Appellant. The only bank statements in the file have the account holder's first name crossed out, although the last name is the same. Deposit Schwab Bank. As records identified in the FLRD still remain missing, Appellant failed to show that the initial decision was clearly erroneous.

ECF No. 15-4 at 89-91.

On September 8, 2025, Plaintiff filed this case challenging the SBA's denial of forgiveness. Plaintiff brings three claims: (1) "Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (SBA Lacks a Statutory or Regulatory Basis to Deny Forgiveness)"; (2) "Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (Arbitrary and Capricious Action in Violation of the APA)"; and (3) "Administrative Procedure Act, 5 U.S.C. § 706(1) (to Compel Agency Action Unlawfully Withheld)". Compl. ¶¶ 52-64, ECF No. 1.

Plaintiff filed the present motion on July 1, 2026. She "seeks an order declaring that the SBA and Customers bank (Lender) improperly denied forgiveness of Plaintiff's [PPP] loan by demanding bank statements (June 2019- December 2019) to substantiate the gross receipts for

loan amount calculation for a self-employed individual with no employees or payroll." Mot. at 6. Plaintiff requests the Court "grant summary judgment in their favor and order the approval of the loan forgiveness." *Id.* at 30.

Defendants filed their cross-motion on July 31, 2026.

## III. LEGAL STANDARD

The APA provides for judicial review of final agency decisions. 5 U.S.C. §§ 702, 706; *Jet Inv., Inc. v. Dep't of Army*, 84 F.3d 1137, 1139 (9th Cir. 1996) ("Judicial review of the actions of the Small Business Administration is governed by the Administrative Procedure Act."). Under Section 706 of the APA, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Courts routinely resolve APA challenges to agency administrative decisions by summary judgment. *Nw. Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1481 (9th Cir. 1994). Applying the relevant standard of review under Section 706 of the APA, "the function of the district court is to determine whether or not as a matter of law" the agency acted unlawfully. *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). While legal error requires an agency's decisions be set aside, if an agency "construed the law correctly," then a court reviews the agency's "application of the law to the facts of the case under the APA's deferential standards." *Grand Canyon Univ. v. Cardona*, 121 F.4th 717, 723, 726 (9th Cir. 2024). Under this deferential arbitrary-and-capricious standard, the agency action need only be "reasonable and reasonably explained." *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021). The court "simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *Id*. The court reviews the agency's factual findings for substantial evidence and "must uphold such findings if 'a reasonable mind might accept this particular evidentiary record as adequate to support the agency's conclusion.'" *Grand Canyon Univ.*, 121 F.4th at 723 (brackets omitted) (quoting *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999)).

"Judicial review of an agency decision typically focuses on the administrative record in

existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court." *Sw. Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The Ninth Circuit recognizes a few narrow exceptions to the general rule excluding extra-record documents. The Ninth Circuit allows extra-record material "if necessary to determine whether the agency has considered all relevant factors and has explained its decision" or "when supplementing the record is necessary to explain technical terms or complex subject matter." *Id.* (quotations omitted).

## IV. DISCUSSION

### A. Evidence Outside the Record

As a threshold matter, Plaintiff relies on factual assertions contained in her declaration that are not reflected in the Certified Administrative Record. *See* Pl.'s Mot. at 24; Sabhlok Decl., ECF No. 28-2. In her declaration, Plaintiff attaches copies of documents she asserts were omitted from the administrative record, including: (a) a July 20, 2025 email to SBA requesting inclusion of canceled checks and a Schwab statement; (b) an August 5, 2025 email to the SBA Administrator with additional canceled checks; and (c) an August 7, 2025 SBA letter declining discretionary review and noting that final decisions may be appealed to federal district court. Sabhlok Decl. ¶ 3 & exhibits attached thereto. Plaintiff also identifies communications predating the final agency decision involving Kabbage, K Servicing, and Customers Bank. *See id.* at 12-16. Plaintiff asserts that "numerous documents, including emails between Plaintiff and Defendants, are missing," and offers her own description of those communications as support. Pl.'s Mot. at 27-28. Plaintiff alleges bad faith and argues Defendants "unlawfully cherry-picked the record" and failed to include key correspondence and materials. *Id.* Defendants object that the Court's review is limited to the administrative record compiled by the SBA. Def.'s Mot. at 10.

"Judicial review of agency decision-making should be focused on the administrative record." *Arizona Mining Reform Coal. v. United States Forest Serv.*, 172 F.4th 641, 661 (9th Cir. 2026) (citing *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006)). However, the Ninth Circuit recognizes four exceptions permitting consideration of extra-record material:

> (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Id.* (quoting *Ctr. for Biological Diversity*, 450 F.3d at 943). "These exceptions are 'narrowly construed,' and the party invoking them has a 'heavy burden to show that the additional materials sought are necessary to adequately review' the agency decision." *Id.* (quoting *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010)).

The Court first addresses Plaintiff's post-decision materials. For record-completion purposes, the "whole" administrative record consists of "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Thus, to establish that an omitted document belongs in the administrative record, Plaintiff must show the document was before the agency and was directly or indirectly considered by the agency decisionmakers. *See id.* at 555–56; *Goffney v. Becerra*, 995 F.3d 737, 747–48 (9th Cir. 2021). It is not enough that the document was relevant to the subject matter of the agency's decision; the pertinent inquiry is whether it was "before the agency *when it made its decision*." *Thompson*, 885 F.2d at 555–56 (emphasis is original) (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Here, the July 20, 2025 email requesting inclusion of canceled checks and a Schwab statement, the August 5, 2025 email supplying additional canceled checks, and the August 7, 2025 SBA letter all post-date the July 18, 2025 final agency decision. Sabhlok Decl. ¶ 3. They therefore could not have been directly or indirectly considered in the decision under review and their omission does not render the Certified Administrative Record incomplete. *See Camp*, 411 U.S. at 142 ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). While Plaintiff argues the additional documents demonstrate she satisfied the documentation requirements applicable to PPP loan forgiveness, the APA does not authorize a reviewing court to evaluate an agency's decision based upon evidence first presented after the agency acted. Rather, the Court must determine whether the SBA's decision was arbitrary, capricious, an abuse of discretion, or otherwise contrary

to law based on the record that existed when the agency rendered its decision. *Id.*; *Sw. Ctr. for Biological Diversity,* 100 F.3d at 1450.

Plaintiff also identifies several communications predating the July 18, 2025 final agency decision: July 22 and July 24, 2020 emails to Kabbage concerning correction of bank-account information before execution of the final loan documents; a July 6, 2022 exchange with K Servicing concerning the forgiveness process; and February 2024 correspondence with Customers Bank concerning the portal through which Plaintiff was required to seek forgiveness. *See* Sabhlok Decl. at 12-16. The existence of these communications does not, standing alone, establish that the Certified Administrative Record is incomplete. Plaintiff does not identify evidence showing these communications were transmitted to SBA or OHA, were included in materials supplied to agency personnel participating in the decisional process, were relied upon by subordinates who advised the decisionmakers, were referenced by the decisionmakers, or otherwise were directly or indirectly considered. The fact that Kabbage, K Servicing, or Customers Bank possessed documents relating to Plaintiff's PPP loan does not, without a further connection to SBA's decisional process, establish that those documents were part of the administrative record. *See Thompson*, 885 F.2d at 555.

That conclusion does not end the inquiry, however, because Plaintiff's contentions can also be understood to invoke the first exception, under which a reviewing court may look beyond the administrative record for the limited purpose of determining whether the agency considered all relevant factors or adequately explained its decision. *See Arizona Mining Reform Coal*, 172 F.4th at 661; *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1159-60 (9th Cir. 1980) (a court may sometimes need to look outside the record "to determine what matters the agency should have considered but did not."). This exception does not require the plaintiff to establish that the particular extra-record document was actually before the agency, but the exception remains narrow: Extra-record evidence may not be considered to determine the correctness or wisdom of the agency's substantive decision. *Asarco*, 616 F.2d at 1159-60. However, the Ninth Circuit has emphasized that this exception is particularly demanding. *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992–93 (9th Cir. 2014) ("The first . . . exception—the 'relevant factors"

exception—is the most difficult to apply."). Its function is to permit enough background to evaluate the integrity of the agency's analysis, not to create a second evidentiary record against which the Court can reweigh the agency's factual conclusions. *Id*. at 993. If the Court finds the extra-record material demonstrates the agency's course of inquiry was inadequate because it failed to consider a legally relevant factor, the appropriate remedy is ordinarily remand to the agency, not an independent judicial determination of the merits. *Asarco*, 616 F.2d at 1160.

Under this exception, it is not enough for Plaintiff merely to assert that SBA "should have been aware" of particular documents because they existed somewhere in the loan-origination or servicing history. Plaintiff must identify a factor that SBA was legally required to consider and show that consideration of the proffered extra-record material is necessary for the Court to determine whether SBA failed to consider that factor or adequately explain its treatment of it. *See id.* at 1159-60; *San Luis*, 776 F.3d at 992–93; *Ctr. for Biological Diversity*, 450 F.3d at 943. Plaintiff has not made that showing here. The administrative record itself permits the Court to identify both the subjects SBA considered and the reasons for its decision: SBA sought evidence corroborating Plaintiff's 2019 gross receipts and evidence connecting the PPP disbursement to an account belonging to Plaintiff, and OHA explained why it found the materials actually submitted insufficient. The extra-record communications do not identify a distinct legally relevant subject that SBA failed to consider, as they concern the same loan-origination, forgiveness, account, and documentation issues already reflected in the administrative record. Nor are those communications necessary to understand SBA's reasoning. *See Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240–41 (9th Cir. 2010) (declining extra-record evidence where the existing record contained sufficient information to explain how the agency used the information before it and why it reached its decision). Plaintiff instead relies on them to show she previously supplied adequate documentation to the lender, that the lender possessed information supporting her eligibility, or that SBA should have credited that history when deciding forgiveness. But that asks the Court to compare extra-record proof against the agency's factual findings and decide for itself whether Plaintiff adequately documented eligibility. The Ninth Circuit has cautioned against this because considering new evidence to reassess the correctness or wisdom of the agency's conclusion

effectively converts APA review into de novo review. *San Luis*, 776 F.3d at 992–93; *see also Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (the exceptions "operate to identify and plug holes in the administrative record" and must not undermine the general record-review rule). Thus, the relevant factor here is whether Plaintiff substantiated the matters SBA identified as necessary to establish eligibility and forgiveness, not whether every document in the historical files of the originating or servicing entities supported Plaintiff's position. Because the certified record is adequate for the Court to evaluate whether SBA considered and explained its treatment of that factor, the Court finds the additional communications are not necessary to judicial review. To the extent Plaintiff offers the pre-decision communications to establish that she had supplied sufficient documentation, that SBA should have credited particular evidence, or that SBA ultimately reached the wrong factual conclusion, the Court cannot use such extra-record evidence for that purpose. *See Asarco*, 616 F.2d at 1160. The Court's task is not to conduct a new evidentiary inquiry into Plaintiff's eligibility for forgiveness. *See Fed. Commc'ns Comm'n*, 592 U.S. at 423 (The court "simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision.").

Finally, Plaintiff has not established the bad-faith exception. She asserts SBA used "misleading tactics" by directing her to reapply for forgiveness through Customers Bank, failed to include certain Kabbage-related documents or communications in the administrative record, and failed to provide Plaintiff with the administrative record during the administrative proceedings despite regulatory requirements. Pl.'s Mot. at 27-28. Even accepting those allegations as true, Plaintiff offers no evidence of fraud, personal animus, improper motive, or a deliberate attempt to manipulate the agency's decision-making process or the record presented for judicial review. The omission of documents that Plaintiff has not shown were directly or indirectly considered does not itself demonstrate bad faith, and her post-decision submissions do not establish that SBA deliberately withheld material it considered to distort judicial review.

Accordingly, the Court concludes that Plaintiff has not shown that the Certified Administrative Record is incomplete and has not carried her heavy burden to establish that

consideration of the identified extra-record materials is necessary under a recognized Ninth Circuit exception. The Court therefore confines its merits review to the Certified Administrative Record.

**B. Statute of Limitations**

Plaintiff separately argues the SBA lacked authority to request additional PPP documentation after July 15, 2024, arguing that § 7A(l)(1)(E) of the Small Business Act establishes a three-year "look-back period" for records other than employment records applicable to PPP loans of $150,000 or less. Plaintiff states that she submitted a forgiveness application to Kabbage on or about July 15, 2021, and therefore contends that the relevant three-year period expired on July 15, 2024. Pl.'s Mot. at 26–27. However, the Court finds Plaintiff's argument is without merit as it conflates a statutory record-retention period with a statute of limitations on SBA review.

Section 7A(l)(1) provides that, for covered PPP loans of $150,000 or less, a borrower must retain employment records for four years and other records for three years following submission of the forgiveness application. 15 U.S.C. § 636m(l)(1)(A)(iii); *see also Business Loan Program Temporary Changes: Paycheck Protection Program—Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act*, 86 Fed. Reg. 8283, 8294 (Feb. 5, 2021), 2021 WL 394729. Section 7A(l)(1)(E), in turn, authorizes the Administrator to "review and audit" such loans and to "access any records" the borrower is required to retain. 15 U.S.C. § 636m(l)(1)(E)(i)–(ii). The implementing interim final rule makes the distinction explicit. Under the heading "When will SBA undertake a loan review?," SBA stated that "[f]or a PPP loan of any size, SBA may undertake a review at any time in SBA's discretion." 86 Fed. Reg. 8283-02, 8294, 2021 WL 394729. Thus, the Federal Register provision on which Plaintiff relies distinguishes the duration of a borrower's record-retention obligation from the duration of SBA's review authority.

Plaintiff's opening brief characterizes these retention periods as having been enacted "to establish a shorter look-back period," Pl.'s Mot. at 26, but neither the statutory language nor the cited interim final rule imposes a three-year deadline on SBA review. To the contrary, the rule expressly provides that SBA "may undertake a review at any time in SBA's Discretion." 86 Fed. Reg. at 8295. The Court therefore distinguishes SBA's authority to conduct a loan review from a

borrower's obligation to retain and produce particular records. Plaintiff has not shown that the SBA's review itself was time-barred.

**C. SBA's Decision Was Not Arbitrary, Capricious, an Abuse of Discretion, or Unlawful.**

The parties' central legal dispute is whether SBA had authority, during forgiveness review, to require the bank records identified in the March 4, 2025 FLRD even though Plaintiff had submitted a 2019 Schedule C and Form 1099-MISC. Because that question concerns the scope of SBA's statutory authority, the Court resolves it independently before applying arbitrary-and-capricious review to SBA's exercise of that authority. *See Grand Canyon Univ.*, 121 F.4th at 723, 726.

**1. SBA Had Authority to Revisit Eligibility and Request Additional Documentation**

The Small Business Act authorizes SBA to issue rules necessary to administer its loan programs and to investigate whether recipients of assistance complied with governing requirements. 15 U.S.C. § 634(b)(6), (7), (11). And the CARES Act's forgiveness provision required borrowers to submit specified materials together with "any other documentation the Administrator determines necessary." 15 U.S.C. § 636m(e). These provisions supply statutory authority for SBA to verify underlying PPP eligibility and the correctness of the loan amount during forgiveness review rather than treating the lender's origination decision as conclusive. Recent decisions within the Ninth Circuit have applied that framework in PPP-forgiveness cases. *See United Laundry Servs., LLC v. U.S. Small Bus. Admin.*, 2026 WL 2049809, at *12 (D. Haw. July 15, 2026) (collecting cases and concluding that SBA may use the Section 7(a) "terms, conditions, and processes" to evaluate PPP eligibility and forgiveness); *Meduri Farms*, 799 F. Supp. 3d at 1149–52 (upholding SBA's reassessment of underlying PPP eligibility at forgiveness). The Court finds these authorities persuasive.

Plaintiff is correct that the origination guidance identified a Schedule C together with a Form 1099-MISC, invoice, bank statement, or book of record as documentation that could substantiate a self-employed borrower's loan application. But that guidance addressed what was sufficient for the streamlined lender-origination process; it did not make those documents



United States District Court
Northern District of California

conclusive in a later SBA loan review or prohibit SBA from seeking additional substantiation when information raised questions concerning eligibility, the correctness of the loan amount, or the forgiveness amount. The 2021 Interim Final Rule expressly provides that, when loan documentation or other information indicates possible ineligibility for the loan, loan amount, or forgiveness amount, SBA may require additional information and may determine the borrower ineligible if the inquiry is not adequately answered. 86 Fed. Reg. 8283, 8295. Plaintiff's Form 3508EZ certification likewise gave notice of that review authority and of the consequence of failing to provide requested information. While SBA may not demand documents wholly unrelated to an authorized subject of review, it may request records reasonably connected to determining eligibility, the correctness of the loan calculation, or entitlement to forgiveness. 86 Fed. Reg. at 8294–95. That construction is also consistent with the Small Business Act's authorization for SBA to make investigations it deems necessary concerning recipients of assistance. 15 U.S.C. § 634(b)(11). Plaintiff's argument that the loan-review rules identify the permissible subjects of review and therefore prohibit SBA from requesting any documentary form not specifically listed in the origination guidance fails.

**2. SBA's Exercise of its Authority Was Not Arbitrary or Capricious**

Turning to the merits, the Court finds SBA properly considered the evidence submitted by Plaintiff and applied the appropriate standard in determining Plaintiff had not submitted sufficient documentation to determine if she was eligible for forgiveness. The March 4, 2025 FLRD explained the specific deficiency SBA sought to investigate: it found the submitted documentation insufficient to determine whether the PPP loan was eligible, correctly calculated, or supported forgiveness, and requested July–December 2019 bank deposits to verify gross receipts reported on Schedule C as well as identifiable 2020 bank statements showing receipt of the PPP loan. AR at 18–19. The request was therefore tied to a concrete eligibility and calculation concern rather than an unexplained demand for records. Specifically, SBA requested:

> Bank deposits for the period of July 2019 through December 2019 to verify the gross receipts on the 2019 Schedule C. As the submitted June-August 2020 bank statements do not list the principal/borrower, please provide a complete business bank statement showing the PPP Loan was deposited in the borrower's account, along with the

complete June and August 2020 bank statements.

*Id.*

The governing forgiveness-review rule confirms that SBA could pursue those concerns by requesting additional documentation. The Interim Final Rule, Business Loan Program Temporary Changes, PPP – Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act, 86 Fed. Reg. 8283, 8295 (Feb. 5, 2021), states:

> If loan documentation submitted to SBA by the lender or any other information indicates that the borrower may be ineligible for a PPP loan or may be ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower, SBA will require the lender to contact the borrower in writing to request additional information. SBA may also request information directly from the borrower. Failure to respond to SBA's inquiry may result in a determination that the borrower was ineligible for a PPP loan or ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower.

ECF No. 15-4 at 75; 2020 WL 13992761. The Paycheck Protection Program PPP Loan Forgiveness Application Form 3508EZ Revised July 30, 2021, which Plaintiff acknowledged by signing on June 8, 2024, requires applicants for loan forgiveness to agree: "SBA may request additional information for the purposes of evaluating the Borrower's eligibility for the PPP loan and for loan forgiveness, and the Borrower's failure to provide information requested by SBA may result in a determination that the Borrower was ineligible for the PPP loan or in a denial of the Borrower's loan forgiveness application." AR at 102.

Plaintiff does not contend that, before the FLRD, she produced the complete July–December 2019 bank-deposit records and complete identifiable 2020 bank statements specified in SBA's request. Regardless, the record supports SBA's determination that the requested records themselves remained missing. In the July 18, 2025 reconsideration decision, the ALJ stated: "Even on PFR, Appellant has not provided the missing documents identified in the FLRD." ECF No. 15-4 at 91. The ALJ acknowledged Plaintiff's evidence that she had been in business since July 2019 and that a 2019 Form 1099-MISC reflected $18,000 in nonemployee compensation but also found that the record contained no bank statements in Plaintiff's name supporting $18,000 in 2019 compensation. *Id.* at 75. The ALJ also observed that the submitted Charles Schwab

materials reflected an obscured first name and that the June–August 2020 bank statements likewise did not identify Plaintiff as the account holder. *Id*. at 74–76. Those concerns supplied a rational basis for SBA to seek records capable of corroborating the income and account ownership at issue.

Nor does the Court understand SBA to have imposed a categorical requirement that self-employed PPP borrowers maintain a business bank account, as the ALJ expressly acknowledged that PPP rules do not impose such a requirement. ECF No. 15-4 at 76. The issue here was narrower: whether, after the materials submitted during review left unresolved questions concerning reported 2019 income and the identity of the accounts reflected in the bank records, SBA could request identifiable bank records capable of corroborating those matters. Because those records bore a reasonable relationship to authorized subjects of review, SBA's request did not convert a business bank account into a new condition of PPP eligibility.

Plaintiff argues that her Schedule C and Form 1099-MISC documentation foreclosed further inquiry and that she was not required to have a business bank account, Pl.'s Mot. at 17, 23-24, but this conflates documentation that may suffice at origination with SBA's separate authority to review eligibility and calculation at forgiveness. The ALJ expressly recognized that PPP regulations do not require a sole proprietor to maintain a business bank account. ECF No. 15-4 at 74, 76. The relevant issue was not whether Plaintiff was required to maintain a particular kind of account as a condition of PPP participation, but whether SBA could request corroborating records when the materials before it left unresolved questions about the reported income and the identity of the accounts reflected in the submitted bank statements. For the reasons discussed above, SBA possessed that review authority, and its request was reasonably connected to the identified deficiencies. *See United Laundry Services*, 2026 WL 2049809, at *12 ("Numerous courts have ruled that Congress provided the SBA with the authority to administer the PPP loan program by looking to the 'terms, conditions, and processes' for the administration of Section 7(a) loans and that it is proper for the SBA to use these regulations to evaluate eligibility and loan forgiveness under the PPP program.") (collecting cases); *Meduri Farms*, 799 F. Supp. 3d at 1149–52 (upholding SBA's denial of PPP forgiveness following SBA's review of additional documentation

United States District Court
Northern District of California

bearing on the borrower's underlying loan eligibility).

In sum, the Court is able to follow the SBA's rationale and finds it "articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). The SBA considered the evidence submitted by Plaintiff in light of the applicable statutes, regulations, and precedent, applied the appropriate standard in determining she was ineligible for full forgiveness, and reasonably explained its decision. Plaintiff therefore has not shown that the SBA's denial of forgiveness was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Defendants are entitled to judgment on Plaintiff's claims under 5 U.S.C. § 706(2)(A).

**D. Plaintiff's Section 706(1) Claim**

Plaintiff also invokes 5 U.S.C. § 706(1), which permits a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." That provision reaches only a discrete agency action that an agency is legally required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). SBA did not withhold action on Plaintiff's forgiveness application: it issued the March 4, 2025 FLRD, and OHA affirmed the denial and denied reconsideration. Plaintiff's contention is that SBA reached the wrong result, not that it failed to take a legally required discrete action. That challenge is governed by § 706(2), addressed above. Defendants are therefore also entitled to judgment on Plaintiff's § 706(1) claim.

## V. CONCLUSION

Based on the analysis above, the Court hereby **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' cross-motion. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge